**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Edward Allen,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-19-05780-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 18) issued by Magistrate Judge Michael T. Morrissey recommending that the Court deny Petitioner Keith Edward Allen's ("Petitioner") Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Petitioner timely filed an objection to the R&R. (Doc. 19.) Also, before the Court are Petitioner's motions to vacate pursuant to 28 U.S.C. § 2255 and § 2241 (Docs. 20, 21, 28) and motion to amend/correct (Doc. 29). For the following reasons, the Court denies Petitioner's motion to amend/correct as moot, denies Petitioner's motions to vacate pursuant to 28 U.S.C. § 2255 and § 2241 and petition pursuant to 28 U.S.C. §2254, and adopts the R&R.

## BACKGROUND

On November 8, 2012, Petitioner pleaded no contest to two counts of sexual assault and three counts of attempted sexual assault. (Doc. 16–1, Ex. B.) The Maricopa County Superior Court sentenced Petitioner to two consecutive 14-year prison terms followed by lifetime probation. *Id*., Ex. G at 1. As relevant here, the State moved to seal the sentencing

proceedings and the presentence report at the request of the victim. *Id.*, Ex. I. In its motion, the State noted that it had "contacted defense counsel in this matter and the Defendant [had] no objection to this request." *Id.* On October 9, 2013, the superior court, on its own motion, unsealed the sentencing transcript and ordered its transcription for the purpose of providing the transcript to the court. *Id.*, Ex. K.

On December 10, 2019, Petitioner filed his petition for writ of habeas corpus. (Doc. 1.) Petitioner asserted four grounds for relief: (1) multiplicitous indictment and plea agreement in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments; (2) ineffective assistance of counsel in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments; (3) unlawful amendments and variances to the indictment in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments; and (4) vindictive prosecution in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments. *Id.* at 6–9.

## DISCUSSION

### I. Motions to Vacate Pursuant to 28 U.S.C § 2255 and § 2241

On November 18, 2020, Petitioner filed "Motion § 2255 to Vacate the Conviction or Correct the Sentence." (Doc. 20.) The statute Petitioner moves under only applies to federal convictions. 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). As Petitioner is challenging state convictions, Petitioner's motion is denied.

Also on November 18, 2020, Petitioner filed "Motion § 2241 to Vacate the Conviction or Correct the Sentence," which did not include an explanation for why the motion should be granted. (Doc. 21.) Petitioner later filed another § 2241 motion which stated that Docs. 1, 18, and 19 provide the reasons for why the motion should be granted. (Doc. 28.) Both motions are denied because the Ninth Circuit has held that 28 U.S.C. § 2254 is the "exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction . . . §2254 is properly seen as a limitation on the general grant of habeas

authority in § 2241 that is triggered by a state prisoner who is in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1010 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). As Petitioner is in state custody pursuant to a state court judgment, these motions are denied.[1]

## II. Objection to the R&R

### a. Legal Standard

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate [judge], who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to a report and recommendation by a magistrate judge. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

### b. Analysis

"The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year statute of limitations for filing a federal habeas corpus petition." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (citing 28 U.S.C. § 2244(d)(1)). The parties do not dispute the Magistrate Judge's finding that Petitioner had from March 19, 2013 until March 19, 2014 to file a timely petition, making Petitioner's filing on December 10, 2019 untimely. (Doc. 18 at 5.)

Petitioner objects to the Magistrate Judge's Order because he argues that the State's motion to seal the sentencing and presentence documents and his counsel's lack of

---

[1] Petitioner also filed a motion requesting to amend/correct his first § 2241 motion, (Doc. 21), to state "Pinal County" instead of "Pima" (Doc. 29). As the § 2241 motion is denied, for the reasons provided above, it is not necessary to rule on Petitioner's motion to amend/correct. Accordingly, the motion is denied as moot.

objection to the motion impeded his ability to review the documents and timely file his petition. (Doc. 19 at 4–5.) Petitioner also argues he could not timely file because he had "no legal access" from December 19, 2012 until October 31, 2013, when he was transferred to a facility "with legal library access." *Id.* at 7–8.

Equitable tolling of AEDPA's statute of limitations may be established where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Although deprivation of legal materials is a type of impediment which may warrant equitable tolling, a petitioner "bears the burden of showing his own diligence and that the hardship caused by lack of access to his materials was an extraordinary circumstance" that caused him to file late. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009). A lack of access to legal files is insufficient to warrant equitable tolling where the petitioner did not need them to file a timely habeas petition. *See Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009).

Here, regardless of the circumstances surrounding the sealing of the sentencing and presentence documents, Petitioner has not shown how these documents support his assertions of multiplicitous indictment and plea agreement, ineffective assistance of counsel, unlawful amendments and variances to the indictment, or vindictive prosecution. In his reply, Petitioner asserts that the sentencing documents are relevant to his petition because they would "establish the specific A.R.S. § statues" used to convict Petitioner. (Doc. 31 at 2–3.) However, this type of information would have been accessible elsewhere, such as in the indictment, information or plea agreement. (Doc. 16–1, Ex. C.) Furthermore, Petitioner does not explain why it took him six years after receiving legal library access on October 31, 2013 to file his petition. Accordingly, Petitioner's objection is overruled.

Petitioner also argues the statute of limitations should be equitably tolled because of the "actual innocence gateway" exception. (Doc. 19 at 9–10.) Under this exception, a petitioner must establish his factual innocence of the crime. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882 (9th Cir. 2003). "To be

credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Other than stating that this equitable exception exists, Petitioner provides no new evidence. (Doc. 19 at 9-10.) Accordingly, Petitioner's objection is overruled.[2]

## CONCLUSION

Having reviewed the record as it relates to Petitioner's objection *de novo*, the Court accepts the Report and Recommendation and denies Petitioner's Petition for Writ of Habeas Corpus. Additionally, the Court denies Petitioner's motions to vacate pursuant to 28 U.S.C. §2255 and § 2241 and denies Petitioner's motion to amend/correct as moot. Accordingly,

**IT IS THEREFORE ORDERED** that Petitioner Keith Edward Allen's Motion § 2255 to Vacate the Conviction or Correct the Sentence (Doc. 20) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion § 2241 to Vacate the Conviction or Correct the Sentence (Doc. 21) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion § 2241 to Vacate the Conviction or Correct the Sentence (Doc. 28) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's 'Motion to Correct' County for Motion § 2241 from Pima to (Pinal County) (Doc. 29) is **DENIED** as **moot.**

**IT IS FURTHER ORDERED** that Petitioner's 'Objections' to Report and Recommendation (Doc. 19) is **OVERRULED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge Michael T. Morrissey (Doc. 18) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED.**

/ / /

/ / /

---

[2] As the record is sufficiently developed, an evidentiary hearing is not necessary to resolve this matter. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 27th day of January, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge